9842. SAVANNAH AND ATLANTA RAILWAY *v.* JONES.

1. The evidence authorized a finding that the death of the plaintiff's horse (which fell through a trestle when running ahead of the defendant's train) resulted from negligence of the engineer in charge of the locomotive.

2. The charge of the court fairly covered the issues involved; and it was not error to refuse to charge that the plaintiff could not recover if the horse could have easily got off the track between the time he saw the engine coming and the time he attempted to cross the trestle.

DECIDED OCTOBER 15, 1918.

Action for damages; from city court of Savannah—Judge Freeman. April 19, 1918.

The special grounds of the motion for a new trial are: "1. Because the court, after reciting in detail the allegations of the plaintiff's petition, and thereby bringing to the jury's attention all the contentions of the plaintiff, failed to state the following contention of the defendant: that plaintiff's horse could have easily gotten off of the railroad tracks between the time he saw the engine coming and the time he attempted to cross the railroad trestle." 2. The court refused to charge the jury as follows: "If you find that plaintiff's horse could have easily gotten off of the railroad tracks between the time he saw the engine coming and the time he attempted to cross the trestle, there can be no recovery against the defendant."

*Hitch & Denmark,* for plaintiff in error. *Shelby Myrick,* contra.

WADE, C. J. 1. Questions of negligence are ordinarily for the jury; and we cannot hold that there was no evidence to authorize the finding that the death of the plaintiff's horse (which fell through a trestle when running ahead of the defendant's train) resulted from a failure on the part of the railway employees to exercise proper care and diligence to prevent injury to the horse, when it must necessarily have appeared to the engineer in charge of the locomotive that the horse proceeding down the track in the

direction of the open trestle would, with reasonable certainty, be urged forward to this point of danger by the approach of the train with undiminished (if not accelerated) speed, coupled with the failure to blow the whistle, ring the bell, or make any effort whatsoever to cause the animal to leave the track. According to the testimony of the engineer, the horse, when it got on the track, was about 170 feet in front of the train, and was proceeding towards the trestle, which was then about 70 yards in front of the animal; the train was advancing in the same direction at a speed of not more than 5 miles per hour, and was under absolute control, and could have been stopped at any time; it was not only not stopped, but its speed was not diminished; no whistle was blown, no bell rung, and nothing whatever was done to frighten the horse from the track or to prevent the injury. A witness for the plaintiff testified that the train was actually "speeded up" as it approached the horse, and was running about 12 or 15 miles per hour, and did not stop until it arrived at the trestle where the horse fell through. The cases of *Gay* v. *Wadley*, 86 *Ga.* 103 (12 S. E. 298), and *Southern Ry. Co.* v. *Frix*, 137 *Ga.* 607 (73 S. E. 1057), are somewhat different in their facts, as in both the whistle was continuously blown in efforts to frighten the animals off the track.

2. There is no merit in the special grounds of the motion for a new trial. The charge of the court fairly covered the issues involved, and there was no error in declining the request to charge.

*Judgment affirmed. Jenkins and Luke, JJ., concur.*